

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1768-13

**RYAN FRANCIS CHASE, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRD COURT OF APPEALS
BELL COUNTY**

**MEYERS, J., filed a dissenting opinion.**

### D I S S E N T I N G   O P I N I O N

I disagree with the majority that TEX. HEALTH & SAFETY CODE § 822.013(a) provides

a defense to criminal prosecution. The goal of this statute was to protect farmers and ranchers

against the loss of their livelihood by allowing them to protect their livestock from attacking

dogs without fear of liability to the dog's owner. House Research Organization, Bill

Analysis, Tex. H.B. 151, 78th Leg., R.S. (2003). This was never intended to allow

individuals in residential neighborhoods to murder a neighbor's dog after an attack with

criminal impunity. If we allow this to be used as a criminal defense, what are its limits? Can an individual murder a dog for a single bite, or does it take multiple bites to constitute an "attack"? Is it still a valid defense if there was no actual harm done to the individual's pet? If an individual is able to get his pet away from the attacking dog, as in this case, how long can he wait before going back to murder the attacking dog and still employ this defense? Can the individual trespass on the attacking dog owner's property to carry out the murder of the dog? What if the attacking dog's owner is present and chooses to physically defend his dog from the individual? Must the murder be humane or can any technique be used? These questions illustrate that the provision is too broad to be applied as a criminal defense, and permitting it to be used as such will enable defendants to escape conviction for the unjustified murders of dogs.

Allowing for this defense encourages individuals to take (what they perceive as) justice into their own hands. I do not believe this provision was ever intended to be a defense to criminal liability and I disagree with the determination that it is such a defense. I would reverse the judgment of the court of appeals and therefore, I respectfully dissent.

Meyers, J.

Filed: November 19, 2014

Publish